# SCOPPETTA SEIFF KRETZ & ABERCROMBIE

ERIC A. SEIFF
WALTER A. KRETZ, JR.
CHARLES D. ABERCROMBIE*

MARIANA OLENKO

*ALSO ADMITTED IN CT

444 MADISON AVENUE
30TH FLOOR
NEW YORK, N.Y. 10022-6926
(212) 371-4500
FAX (212) 371-6883

ROLAND R. ACEVEDO
NICHOLAS SCOPPETTA
OF COUNSEL

February 24, 2015

Hon. Edgardo Ramos
United States District Court
500 Pearl Street
New York, New York 10007

    Re: Silverman v. Miranda
       06 CV 13222 (ER)(GWG)

Dear Judge Ramos:

    I am co-counsel for the trustees of the Teamsters Local 210 Affiliated Health and Insurance Fund (the "Local 210 Fund"), defendants in the above-referenced matter. I write in response to the February 23, 2015 letter from plaintiffs' counsel asking the Court to strike the Local 210 Fund's opposition to the UMMF's motion for summary judgment or, in the alternative, ordering defendants' counsel to show cause why a sanction should not be imposed for defendants' late filings with this Court.

    By way of background, I have been involved in this case from its inception. I originally represented Crossroads Healthcare Management, LLC, a defendant that was dismissed from the case after a successful summary judgment motion. I was co-counsel for the Local 210 Fund on the appeal before the Second Circuit. I filed a Notice of Appearance as co-counsel for the Local 210 Fund in the district court on September 1, 2014, after the Second Circuit reversed the district court's original judgment and remanded the matter to your Honor. Plaintiffs' counsel contends that the Local 210 Fund's opposition to the UMMF's summary judgment should be stricken because the Local 210 Fund "made late filings, without seeking permission to do so," on eight occasions over an eight year period, from

SCOPPETTA SEIFF KRETZ & ABERCROMBIE

Hon. Edgardo Ramos
Re: Silverman v. Miranda   06-13222
Page 2

February 27, 2007 through February 21, 2015.[1] *See* Lowenstein Sandler Letter, Feb. 23, 2015, at 1-2. It appears that most of the late filings that plaintiffs' counsel complains about involved a matter of minutes or hours and not days. For example, plaintiffs complain that the Local 210 Fund filed a Memorandum of Law in Opposition to the UMMF's Cross-motion for Attachment of the Escrow Funds on January 31, 2015, at 1:17 a.m. According to plaintiffs' counsel, the memorandum was due 77-minutes earlier, on January 30th. While I am not personally aware of the reason for each alleged untimely filing, I am fairly confident based on my experience that many of the filing delays can be attributed to issues that often arise when using the ECF filing system.

More troubling is plaintiffs' counsel's contention, without absolutely no proof, that the Local's 210 Fund's late filing of its Opposition to the UMMF's motion for summary judgment was intentionally done so that defendants' counsel could review plaintiffs' papers and adjust their arguments accordingly before filing the Fund's opposition. Plaintiffs' counsel contends that a recent, minor modification of defendants' LMRA preemption argument is evidence that defendants reviewed plaintiffs' motion papers and revised their LMRA argument before filing the Local 210 Fund's opposition. Plaintiffs' contentions are based totally on conjecture, are without merit and should be rejected by this Court.

At the outset, defendants submit that the February 20, 2015 filing was timely. According to plaintiffs' counsel, the Local 210 Fund's opposition was filed on February 21st, at 2:29 a.m. EST. At the time that the Local 210 Fund's opposition was filed by my co-counsel, Thomas Thompson, Mr. Thompson was on the West Coast visiting colleges with his daughter. Mr. Thompson filed the memorandum of law before midnight on February 20th. Because of the three-hour time difference between the East and West coasts, the ECF filing system indicates that the document was filed at 2:29 a.m.

---

[1] I have not responded to plaintiffs' complaints about alleged late filings that predate my entry in this case on behalf of the Local 210 Fund. Moreover, I submit that plaintiffs have waived any complaints about late filings that occurred years ago since they never raised the issue at the appropriate time.

Scoppetta Seiff Kretz & Abercrombie

Hon. Edgardo Ramos
Re: Silverman v. Miranda   06-13222
Page 3


on February 21st. Thus, contrary to plaintiffs' counsel's contention, the memorandum of law was filed timely on February 20th in Seattle in accordance with the Court's briefing schedule. Although defendants' filing was not completed until 3:44 a.m. EST (12:30 a.m. WST), defendants began the filing process on February 20th and defendants should not be held responsible for the delays that are often arise when using the ECF filing system.

I was the attorney with primary responsibility for researching and drafting the original LMRA preemption argument for the Local 210 Fund's summary judgment motion after Mr. Thompson previously raised the issue with this Court. The LMRA argument was re-worked and pared down by Mr. Thompson and I for defendants' opposition to the UMMF's motion for summary judgment. I assure the Court that I never reviewed plaintiffs' summary judgment motion before defendants' opposition was finalized and filed with the Court. In fact, I did not review plaintiffs' latest submissions to the Court until one or two days _after_ the Local 210 Fund filed its papers with the Court. Plaintiffs' argument is also much ado about nothing in light of the fact that defendants still have the right to file a reply memorandum of law. Since the alleged revision in defendants' LMRA § 301 argument that plaintiffs complain about could have been raised in defendants' reply papers, there is absolutely no basis to plaintiffs' claim that defendants obtained an unfair advantage by allegedly peeking at plaintiffs' motion papers and then revising their argument before filing with the Court.

Plaintiffs' counsel contends that the Local 210 Fund's filings have "_sua sponte_ created an unlevel playing field by granting itself additional time to complete its submissions, time which the UMMF was not given." Nothing could be further from the truth. Plaintiffs' counsel's accusations are unfounded and unsubstantiated. I have never ignored or tried to bend any rules of this Court to gain an unfair advantage in this case.

In sum, the Court should deny plaintiffs' request to strike the Local 210 Fund's opposition to the UMMF's motion for summary judgment and reject any suggestion to impose sanctions.

SCOPPETTA SEIFF KRETZ & ABERCROMBIE

Hon. Edgardo Ramos
Re: Silverman v. Miranda   06-13222
Page 4

  Thank you for your consideration in this matter.

         Very truly yours,

           /s/

         Roland R. Acevedo

cc: Thomas A. Thompson
  Robert J. Kipnees