# Law Offices of Thomas A. Thompson
## 148 Whites Cove Road, Suite 1
## Yarmouth, Maine 04096

February 25, 2015

THOMAS A. THOMPSON

DIRECT
207.749.7938

FACSIMILE
207.846.8905

E·MAIL
talberttlaw@aol.com

**<u>VIA FACSIMILE</u>**

The Honorable Edgardo Ramos, United States District Judge
United States District Court for the Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

      RE:    Silverman, et al. v. Miranda, et al.
             06cv13222                              

Dear Judge Ramos:

        I represent Teamsters Local 210 Affiliated Health and Insurance Fund and its Trustees, the defendants in the above referenced action (the "Local 210 Fund"). I write this letter in response to this Court's Order, dated February 24, 2015 (Dkt. 314), and Union Mutual Medical Fund's (the "defendant" or "UMMF") letter addressed to the Court, dated February 23, 2015 (Dkt. 313), regarding the Local 210 Fund's alleged late filings in this litigation. In its letter, the UMMF wrote that filing late "should not be countenanced" and requested the Court to strike Local 210 Fund's opposition to plaintiffs' motion for summary judgment or require Local 210 Fund's counsel to show cause why a sanction should not be imposed for this conduct.

        Yesterday, when I received UMMF's letter, I was surprised that the UMMF would bring up this issue this late in the litigation when they remained silent for seven years. I want to emphatically represent as an officer of the Court, that any noncompliant filing made in this matter was attributable to my utter incompetence in all things electronic and digital, and advancing age. I also want to further represent that no late filing has ever been motivated by a desire to obtain an advantage over the UMMF or gain additional time to prepare briefs and other related documents in this lawsuit. For the most part, any late filing was occasioned by a glitch in my computer and/or my inability to efficiently operate ECF, resulting in filings that were overdue in the matter of minutes or hours, but never days. See, e.g., plaintiffs' Exhibit B (def's opposition, 1 hr., 17 min. overdue) and Exhibit C (Thompson Decl., 1 hr, 46 min. overdue) and defendant's Exhibit 1(def's motion for release of funds, 41 min. overdue) and Exhibit 2 (certificate of service, 57 min. overdue). The exceptions were the filings of defendant's Rule 56.1 Statement in support of its motion for summary judgment (UMMF Exhibit A), and defendant's opposition to plaintiffs' motion for summary judgment (UMMF Exhibits D, E, F, G and H).

Although defendant's motion for summary judgment was timely filed (See Dkt. 300), defendant's Rule 56.1 Statement was filed two hours and 54 minutes late (See plaintiffs' Exhibit A). As evidenced by the email dated January 16, 2015 (the due date) at 9:49 p.m. (defendant's Exhibit 3), my co-counsel informed me by email that he could not locate the Rule 56.1 event in ECF.  At that time, I was attending a lecture by Neil DeGrassi Tyson in Southern Connecticut that lasted until just before midnight.  It was a little past 2:15 a.m. when I finally arrived at my hotel further north (all rooms in the vicinity of the lecture were booked) and checked to confirm whether the 56.1 Statement had been properly filed. After setting up my laptop and determining that the ECF filing did not occur for some unknown reason, I was able to file the document a little before 3:00 a.m.

On February 20, 2015, I filed defendant's papers opposing plaintiffs' motion for summary judgment.  These papers were filed from my laptop in my hotel room at the Seattle Marriott Waterfront Hotel in Seattle, Washington.  My wife, daughter and I had flown to Seattle so my daughter could be interviewed for admission as a freshman to the University of Washington.  See Seattle Marriott Waterfront Hotel bill for the period February 19, 2015 through February 22, 2015 (defendant's Exhibit 4).  There is a three hour time difference between Seattle and New York.  The filings for defendant's memorandum of law were filed at 11:29 p.m. on the 20th of February, Pacific Standard Time ("PST") (Plaintiffs' Exhibit D).  Defendant's counter statement of material facts was filed at 11:33 p.m. PST (Plaintiffs' Exhibit E); the Merced Declaration at 11:50 p.m. PST (Plaintiffs' Exhibit F); and the Bellach Declaration at Midnight PST (Plaintiffs' Exhibit G).  Immediately thereafter, the USB ports in my laptop ceased to function and I was unable to access the Thompson Declaration (Plaintiffs' Exhibit H) on my USB drive.  I went to the front desk to request access to the hotel's business facility so that I could use its computer to file the Thompson Declaration, which was finally filed 44 minutes after midnight. Thus, all of the documents, except the Thompson Declaration, were filed on February 20th in accordance with the briefing schedule.  If plaintiffs' counsel had called me to discuss this issue before sending his letter to the Court, I would have explained that the documents were filed on February 20th.

Plaintiffs insinuate that defendants' counsel filed late so that he could surreptitiously read the arguments in plaintiffs' opposition and add a new argument to defendants' opposition regarding the LMRA § 301 preemption claim.  Plaintiffs' contention that the Local 210 Fund revised its LMRA argument based on its prior reading of plaintiffs' opposition is pure nonsense.  According to plaintiffs, the following argument first appeared in Local 210 Fund's opposition to plaintiffs' motion for summary judgment: whenever the interpretation of a collective bargaining agreement is required to resolve a state claim for breach of contract,  § 301 preempts that claim.  To highlight its position, plaintiffs invited the Court to compare Local 210 Fund's memorandum of law in support of its motion for summary judgment (Dkt. 302) with Local 210 Fund's opposition to plaintiffs' motion for summary judgment (Dkt. 308).  The comparison, however, reveals no discernible difference between the two arguments.

The first time that the Local 210 Fund pointed out that the interpretation of a collective bargaining agreement implicates LMRA § 301 preemption was in its letter filed with Court on September 5, 2014. Dkt. 278.[1]  In that letter, Local 210 Fund argued that plaintiffs' state law breach of contract claim is preempted if it "depends on the meaning of a collective bargaining agreement."  Dkt. 278 at 3.  This argument was further amplified in Local 210 Fund's memorandum of law in support of its motion for summary judgment. Dkt. 302 at 18-25.  Not only was Subparagraph B. of Point II entitled "The UMMF's Claims Involve the Interpretation of Collective Bargaining Agreements," Id. at

---

[1] Citations to ECF documents are to the page number appearing at the top right corner of the document.

21, but the § 301 argument on these eight pages used the term "interpret" or "interpretation" seven times and its near equivalent, "substantially dependent on the analysis of collective bargaining agreements," an additional seven times.  Id. at 18-25.  In the Local 210 Fund's memorandum of law in support of its opposition to plaintiffs' motion for summary judgment, "interpret" or "interpretation" was used six times and "substantially dependent on the analysis of collective bargaining agreements" was used an additional three times.  Dkt. 308 at 14-18.  Both § 301 arguments relied heavily on the proposition that a state law claim is preempted if it depends on the meaning or interpretation of a collective bargaining agreement.

If this Court finds that late filings occurred, I am solely to blame for that conduct.  If there is to be a penalty for that conduct, the penalty should be tailored to make only the perpetrator answerable, not the Local 210 Fund for whom I serve, or my co-counsel, who has done little of the filing.  The Court should also be wary of plaintiffs' motives in insinuating that the late filings were motivated by unethical conduct.  This isn't the first time plaintiffs have attempted prejudice defendants in the eyes of the Court.  Plaintiffs' insinuations should be seen for what they are-- a thinly veiled attempt to gain the Court's favor so they do not have to rely solely on the merits of a weak case. Plaintiffs cannot expect this Court to sanction a party for conduct that occurred years ago and for which plaintiffs never filed any complaints or objections. Moreover, the February 20th filing that plaintiffs' counsel is particularly perturbed about occurred on the date that it was due, albeit on West Coast time. I have never attempted to circumvent this Court's directives to gain an unfair advantage for my client. On the contrary, over the eight-year course of this litigation this is the first complaint that I am aware of and I submit that it is baseless and should be rejected by the Court. I reiterate that any late filing was late by mere minutes or hours, was often the result of problems I encountered with the ECF filing system and did not result in any unfair advantage for the Local 210 Fund. In fact, some of the late filings that plaintiffs complain about occurred before the judgment was reversed on appeal and during the time that plaintiffs repeatedly prevailed during motion practice. Since plaintiffs prevailed on their motions at the time, they cannot possibly contend that the alleged late filings gave the Local 210 Fund an unfair advantage.

Thank you for your consideration in this matter. I am happy to answer any additional queries that the Court may have.

Yours truly,

/s/ Thomas A. Thompson
Thomas A. Thompson
Attorney for Defendants Teamsters Local 210
Affiliated Health and Insurance Fund and its
Trustees

cc: Robert J . Kipnees
    Roland R. Acevedo

# EXHIBIT 1

**From:** NYSD_ECF_Pool <NYSD_ECF_Pool@nysd.uscourts.gov>
**To:** CourtMail <CourtMail@nysd.uscourts.gov>
**Subject:** Activity in Case 1:06-cv-13222-ER-GWG Silverman et al v. Miranda et al Motion for Release of Funds
**Date:** Thu, Nov 6, 2014 12:42 am

---

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### Southern District of New York

## Notice of Electronic Filing

The following transaction was entered by Thompson, Thomas on 11/6/2014 at 0:41 AM EST and filed on 11/6/2014

**Case Name:** Silverman et al v. Miranda et al
**Case Number:** 1:06-cv-13222-ER-GWG
**Filer:** Teamster Local 210 Affiliated Health and Insurance Fund
**Document Number:** 285

**Docket Text:**
**MOTION for Release of Funds . Document filed by Teamster Local 210 Affiliated Health and Insurance Fund.(Thompson, Thomas)**

**1:06-cv-13222-ER-GWG Notice has been electronically mailed to:**

Anusha Rasalingam     arasalingam@friedmananspach.com

John Albert Fialcowitz     john@fialcowitzlaw.com

Robert J. Kipnees     rkipnees@lowenstein.com, rcooper@lowenstein.com, vwagner@lowenstein.com

Roland Richard Acevedo     racevedo1@aol.com

Thomas Albert Thompson     talberttlaw@aol.com

**1:06-cv-13222-ER-GWG Notice has been delivered by other means to:**

PLAINTIFFS, Leon Silverman, James Crowley, Janet Sachs, Herbert Pobiner, Louis Flacks and Paul Berkman, as TRUSTEES of the Union Mutual Medical Fund, and the UNION MUTUAL MEDICAL FUND

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**

[STAMP dcecfStamp_ID=1008691343 [Date=11/6/2014] [FileNumber=13837656-
0] [194db6e8a33202c9f9d4e5caad32b21104658cfd39c7e8460133013f9f53bdbb5b
19bc2f91dcd78a6bfc695bfa46414aebb1dfedffa2327c4ac021a23d983a92]]

# EXHIBIT 2

**From:** NYSD_ECF_Pool <NYSD_ECF_Pool@nysd.uscourts.gov>
**To:** CourtMail <CourtMail@nysd.uscourts.gov>
**Subject:** Activity in Case 1:06-cv-13222-ER-GWG Silverman et al v. Miranda et al Certificate of Service Other
**Date:** Thu, Nov 6, 2014 12:58 am

---

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

**U.S. District Court**

**Southern District of New York**

## Notice of Electronic Filing

The following transaction was entered by Thompson, Thomas on 11/6/2014 at 0:57 AM EST and filed on 11/6/2014

**Case Name:**  Silverman et al v. Miranda et al
**Case Number:**  1:06-cv-13222-ER-GWG
**Filer:**  Teamster Local 210 Affiliated Health and Insurance Fund
**Document Number:** 286

**Docket Text:**
**CERTIFICATE OF SERVICE of Motion and Memorandum of Law served on UMMF on 11/6/2014. Document filed by Teamster Local 210 Affiliated Health and Insurance Fund. (Thompson, Thomas)**

**1:06-cv-13222-ER-GWG Notice has been electronically mailed to:**

Anusha Rasalingam     arasalingam@friedmananspach.com

John Albert Fialcowitz     john@fialcowitzlaw.com

Robert J. Kipnees     rkipnees@lowenstein.com, rcooper@lowenstein.com, vwagner@lowenstein.com

Roland Richard Acevedo     racevedo1@aol.com

Thomas Albert Thompson     talberttlaw@aol.com

**1:06-cv-13222-ER-GWG Notice has been delivered by other means to:**

PLAINTIFFS, Leon Silverman, James Crowley, Janet Sachs, Herbert Pobiner, Louis Flacks and Paul Berkman, as TRUSTEES of the Union Mutual Medical Fund, and the UNION MUTUAL MEDICAL FUND

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=11/6/2014] [FileNumber=13837716-
0] [032ca413b427c5653130745fe50c0ed3f4acf27b87218b429f47b2fe58f2607c23
de07c8ed5700e74054976e809638c5a772f0eaa328cde88d38e6bf4540ab1e]]

# EXHIBIT 3

**From:** Roland <racevedo1@aol.com>
**To:** talberttlaw <talberttlaw@aol.com>
**Subject:** ECF
**Date:** Fri, Jan 16, 2015 9:49 pm
**Attachments:** UMMF._Local_210_Rule_56.1_Statement_for_SJ_motion.final.011615.pdf (179K)

Tom,
I can't figure those damn filings out. I filed the Memo of Law twice, once under
the heading of Motion for SJ. Then I filed the Notice of Motion. So there are
three filings--two memo of law and one for the Notice of Motion. The clerk will
strike one of them. I cant find the entry for the 56.1 statement. I attached it
here in case you know where to find it.

Roland R. Acevedo, Esq.
Scoppetta Seiff Kretz & Abercrombie
444 Madison Ave, 30th fl.
New York, N.Y. 10022
(212) 371-4500 (office)
(212) 371-6883 (fax)
(917) 670-1777 (cell)

# EXHIBIT 4



**GUEST FOLIO**      SEATTLE MARRIOTT WATERFRONT

| | | | | |
|---|---|---|---|---|
| **605** | THOMPSON/PAT/MRS | 219.00 | 02/22/15 11:22 | **4137** |
| ROOM | NAME | RATE | DEPART        TIME | **ACCT#** |
| **DWV** | THOMPSON/THOMAS/MR | | 02/19/15 14:08 | |
| TYPE | | | ARRIVE        TIME | |
| **72** | 148 WHITES COVE RD | | 976 | |
| ROOM CLERK | | | AXXXXXXXXXXXX6008 | |
| | YARMOUTH    ME 040965751 | | PAYMENT | MRW#: XXXXX1360 |
| | ADDRESS | | | |

| DATE | REFERENCE | CHARGES | CREDITS | BALANCE DUE |
|---|---|---|---|---|
| 02/19 | ROLLAWAY   02 19 15 | 20.00 | | |
| 02/19 | HK&PLOW    1798 605 | 93.75 | | |
| 02/19 | ROOM       605, 1 | 249.00 | | |
| 02/19 | ROOM TAX   605, 1 | 21.41 | | |
| 02/19 | OCC TAX    605, 1 | 17.43 | | |
| 02/19 | STIA       605, 1 | 2.00 | | |
| 02/19 | PARKING    VA | 42.00 | | |
| 02/19 | WAPRKTX    VA | 3.99 | | |
| 02/19 | CTYPRKTX   VA | 5.25 | | |
| 02/20 | HK&PLOW    1818 605 | 25.81 | | |
| 02/20 | HK&PLOW    1837 605 | 32.38 | | |
| 02/20 | WATER      02.20.15 | 3.50 | | |
| 02/20 | RM SERV    5231 605 | 32.59 | | |
| 02/20 | ROOM       605, 1 | 219.00 | | |
| 02/20 | ROOM TAX   605, 1 | 18.83 | | |
| 02/20 | OCC TAX    605, 1 | 15.33 | | |
| 02/20 | STIA       605, 1 | 2.00 | | |
| 02/20 | PARKING    VA | 42.00 | | |
| 02/20 | WAPRKTX    VA | 3.99 | | |
| 02/20 | CTYPRKTX   VA | 5.25 | | |
| 02/21 | HK&PLOW    1003 605 | 64.66 | | |
| 02/21 | ROOM       605, 1 | 219.00 | | |
| 02/21 | ROOM TAX   605, 1 | 18.83 | | |
| 02/21 | OCC TAX    605, 1 | 15.33 | | |
| 02/21 | STIA       605, 1 | 2.00 | | |
| 02/21 | PARKING    VA | 42.00 | | |
| 02/21 | WAPRKTX    VA | 3.99 | | |
| 02/21 | CTYPRKTX   VA | 5.25 | | |
| 02/22 | HK&PLOW    1180 605 | 63.85 | | |
| 02/22 | CCARD-AX | | 1290.42 | |

PAYMENT RECEIVED BY  AMERICAN EXPRESS XXXXXXXXXXXX6008

.00

AS REQUESTED, A FINAL COPY OF YOUR BILL WILL BE EMAILED TO:
TALBERTTLAW@AOL.COM
SEE "INTERNET PRIVACY STATEMENT" ON MARRIOTT.COM

Your Rewards points/miles earned will be credited to your
account. - Check your Rewards Account Statement for
updated activity.
Marriott & A Woman's Nation appreciate housekeepers



SEATTLE MARRIOTT WATERFRONT
2100 ALASKAN WAY
SEATTLE, WA  98121
206-443-5000  FAX 206-256-1100

This statement is your only receipt. You have agreed to pay in cash or by approved personal check or to authorize us to charge your credit card for all amounts charged to you. The amount shown in the credits column opposite any credit card entry in the reference column above will be charged to the credit card number set forth above. (The credit card company will bill in the usual manner.) If for any reason the credit card company does not make payment on this account, you will owe us such amount. If you are direct billed, in the event payment is not made within 25 days after check-out, you will owe us interest from the check-out date on any unpaid amount at the rate of 1.5% per month (ANNUAL RATE 18%), or the maximum allowed by law, plus the reasonable cost of collection, including attorney fees.

Signature X _____