UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEON SILVERMAN, JAMES CROWLEY,
JANET SACHS, HERBERT POBINER, LOUIS
FLACKS, and PAUL BERKMAN, *as Trustees of
the Union Mutual Medical Fund*, and UNION
MUTUAL MEDICAL FUND,

                             Plaintiffs,

                             -against-

GEORGE MIRANDA, ROBERT BELLACH,
ANTHONY CERBONE, and MARTIN SHEER,
*as Trustees of the Teamsters Local 210 Affiliated
Health and Insurance Fund*, and TEAMSTERS
LOCAL 210 AFFILIATED HEALTH AND
INSURANCE FUND,

                             Defendants.

**OPINION AND ORDER**

06 Civ. 13222 (ER)

Ramos, D.J.:

       On September 30, 2016, the Court entered an Opinion and Order granting in part and denying in part Plaintiffs' motion for summary judgment, denying Defendants' motion for summary judgment, and awarding Plaintiffs judgment in the amount of $2,460,777.33 plus pre- and post-judgment interest. Doc. 364 at 17 & n.7. In accordance with the Court's Order, on October 4, 2016, the Clerk of the Court entered Judgment in favor of Plaintiffs in the amount of $2,460,777.33 plus pre-judgment interest at the rate of 4.82% from April 1, 2006, for a total sum of $3,706,989.13, with post-judgment interest to be calculated in accordance with 28 U.S.C. § 1961(a). Doc. 365. On October 18, 2016, Defendants moved for reconsideration of the October 4, 2016 Judgment, pursuant to Local Civil Rule 6.3 and Federal Rule of Civil Procedure 59(e). Doc. 366. In response, Plaintiffs cross-moved for sanctions against Defendants' counsel. Doc. 370.

## I. Legal Standard

Local Civil Rule 6.3 and Federal Rule of Civil Procedure 59(e) provide for reconsideration or reargument of a court's order on a motion only where the court has overlooked controlling decisions or factual matters that were "put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." *Mikol v. Barnhart*, 554 F. Supp. 2d 498, 500 (S.D.N.Y. 2008) (quoting *Greenwald v. Orb Commc'ns & Mktg., Inc.*, No. 00 Civ. 1939 (LTS) (HBP), 2003 WL 660844, at *1 (S.D.N.Y. Feb. 27, 2003)). "Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (quoting *In re Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). These rules are "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Mikol*, 554 F. Supp. 2d at 500 (quoting *Dellefave v. Access Temps., Inc.*, No. 99 Civ. 6098 (RWS), 2001 WL 286771, at *1 (S.D.N.Y. Mar. 22, 2001)). "Where the movant fails to show that any controlling authority or facts have actually been overlooked, and merely offers substantially the same arguments he offered on the original motion or attempts to advance new facts, the motion for reconsideration must be denied." *Id.* (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

A motion for reconsideration is not a substitute for appeal, *Boart Longyear Ltd. v. Alliance Indus., Inc.*, 869 F. Supp. 2d 407, 418 (S.D.N.Y. 2012), nor is it a vehicle for a party dissatisfied with the Court's ruling to voice its disagreement with the decision, *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 512–13 (S.D.N.Y. 2009). "Courts have repeatedly been forced to warn litigants that such motions should not be made reflexively to reargue those issues already considered when a party does not like the way the original motion was resolved." *Boart*, 869 F.

Supp. 2d at 418 (quoting *Makas v. Orlando*, No. 06 Civ. 14305 (DAB), 2008 WL 2139131, at *1 (S.D.N.Y. May 19, 2008)) (internal quotation marks omitted); *see, e.g.*, *Anwar v. Fairfield Greenwich Ltd.*, 884 F. Supp. 2d 92, 96 (S.D.N.Y. 2012) ("The provision for reargument is not designed to allow wasteful repetition of arguments already briefed, considered and decided."); *see also Assoc. Press v. U.S. Dep't of Defense*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005) (motion for reconsideration is not "an occasion for repeating old arguments previously rejected").

## II. Defendants' Arguments

Defendants argue that the Court overlooked: material facts in ruling that the Local 210 Fund accepted an obligation to make remittances to the UMMF; that the AWF's liabilities for the Duane Reade proceeds were not transferable to the Local 210 Fund; that Plaintiffs had a remedy against the contracting employers of the pre-amendment CBAs; and the significance of the Second Circuit's statement that employers are not obligated to contribute to the UMMF. Doc. 367 at 4–9. Defendants' arguments were extensively briefed in the parties' summary judgment papers and were not overlooked by the Court.

Defendants also argue that the Court's formulation for pre-judgment interest must be modified to avoid manifest injustice upon the Local 210 Fund. Doc. 367 at 1–4. Defendants have never before raised concerns with the method of calculating pre-judgment interest, although Plaintiffs put the question squarely at issue in their summary judgment papers. *See* Doc. 352 at 24–25 (urging the Court to "set April 1, 2006 as the 'reasonable date from which to award pre-judgment interest'") (quoting *Wechsler v. Hunt Health Sys., Ltd.*, 330 F. Supp. 2d 383, 435 (S.D.N.Y. 2004)). "A motion for reconsideration is 'not intended as a vehicle for a party dissatisfied with the Court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion.'" *WestLB AG v. BAC Fla. Bank*, 912 F. Supp. 2d 86, 95 (S.D.N.Y. 2012) (quoting *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003)). In any

3

event, the Court finds there to be no manifest injustice resulting from its calculation of pre-judgment interest, as April 1, 2006 is a reasonable date from which to award pre-judgment interest in this case.

**III. Sanctions**

Plaintiffs argue that Defendants' motion is so frivolous that the Court should sanction Defendants' counsel pursuant to 28 U.S.C. § 1927, which authorizes a court to assess "costs, expenses, and attorneys' fees" against any attorney who "so multiplies the proceedings in any case unreasonably and vexatiously." *See* Doc. 371 at 5. But an award under § 1927 is proper only "when there is a finding of conduct constituting or akin to bad faith." *Zurich Am. Ins. Co. v. Team Tankers A.S.*, 811 F.3d 584, 591 (2d Cir. 2016) (quoting *State St. Bank v. Inversiones Errazuriz*, 374 F.3d 158, 180 (2d Cir. 2004)). "The attorney's actions must be 'so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay.'" *Id.* On the present record, the Court cannot conclude that Defendants have acted in bad faith.

**IV. Conclusion**

For the reasons set forth above, Defendants' motion for reconsideration is DENIED, and Plaintiffs' cross-motion for sanctions is DENIED. The Clerk of the Court is respectfully directed to terminate the motions, Docs. 366 & 370.

It is SO ORDERED.

Dated: April 7, 2017
        New York, New York

Edgardo Ramos, U.S.D.J.